UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

    TAMPA ASSOCIATES LTD PARTNERSHIP,    Case No.: 06-48060
                                                                        Chapter 11
                      Debtor.                            Hon. Walter Shapero
_____/

## PRELIMINARY OPINION EXTENDING STAY IN CONNECTION WITH MOTION OF TARGET CORPORATION FOR RELIEF FROM STAY

      The order for relief in this case is dated June 22, 2006. Target Corporation which claims a lien on Debtor's realty arising from the recording of a judgment it obtained against the Debtor, filed a motion for relief from stay ("Motion") on October 31, 2006. 11 USC § 362(d)(3) mandates the granting of relief from the stay against "single asset real estate" unless the debtor files a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time (unless the debtor has commenced monthly payments in the amounts the statute prescribes) within the latest of: (1) 90 days after the entry of the order for relief - that 90 day period in this case ending on or about September 20, 2006; or (2) such longer period as the Court determines during that 90 day period; or (3) 30 days after the Court determines the Debtor is subject to the single asset real estate provisions. Debtor did not request an extension of the 90 day period but did file a Plan and Disclosure Statement on November 16, 2006.

      The Debtor's petition in effect states Debtor is not a single asset real estate debtor. However, the Motion states and alleges as its basis for the relief sought that in fact and in law Debtor is a

1

single asset real estate debtor, something which the Debtor in its response to the Motion and in the oral argument before the Court denied.

Under 11 § USC 362(e)(1) in connection with a stay relief request of the type sought in the Motion, the procedure generally is that the stay is terminated thirty days after the filing of the motion (that 30 day period in this case expires on November 30, 2006) unless during that 30 day period the Court holds a preliminary hearing. If at that preliminary hearing the Court concludes there is a reasonable likelihood the party opposing the movant will prevail at the conclusion of a final hearing, the Court is required to order the stay to continue in effect until the conclusion of the final hearing. In this case the Court held a preliminary hearing on November 29, 2006. Both Debtor and Huntington Bank, (which claims lien rights superior to those of Target Corporation), opposed the Motion. Believing that the statute requires the Court to act no later than today, the Court concludes the required showing has been made by those opposing the Motion and continues the stay in effect until the conclusion of a final hearing. The statute also requires that the final hearing be concluded not later than thirty days after November 29, 2006, unless the parties agree to extend that date. The Court has set December 5, 2006 as the date and time of a scheduling conference to set the final hearing date within the indicated statutory limits.

Target would have the Court conclude at the 11th hour and with only a very limited possibility (one day) afforded the Court to even being able to essentially examine primarily what Target puts before it to support its view (and sans any such opportunity other than oral argument for the objecting parties to do the same) that there is no real issue or possibility of any legitimate factual or legal inquiry into Debtor's claim of not being a single asset realty and that Debtor's claim of such is so substanceless and frivolous that a final and evidentiary hearing on the issue (which is not the

2

only issue involved in the Motion) is neither appropriate nor warranted. While that smacks of the kind of rush to judgment, the Court believes Target would strenuously object to if the shoe were on the other foot, there are statutory and procedural deadlines and criteria the Court must and will follow no matter how practically difficult of practical achievement they might appear to be (more particularly so in this case which was only recently reassigned to this Court). That is not to say that Target may not ultimately prevail on its position on the single asset real estate issue. But that is only one issue. There remains the other issues involved in granting in whole or in part, a stay relief motion, the nature and extent of which leads the Court to conclude that it is likely Target may not get all that it asks for, and/or to the extent it might get some of the relief requested such will likely involve any number of possible terms and conditions, given the (1) filing and pendency of the plan; (2) extensive existing litigation over the validity and priority of Target's lien; (3) the pending preconfirmation possible sale of some of the property subject to that lien; and (4) other potential facts alluded to in argument at the preliminary hearing but not evidentially before the Court, all or some of which might very well have some bearing on the outcome of the Motion and irrespective of the outcome of the single asset real estate issue. Nor is it beyond the realm of reasonable possibility that upon a final hearing the relief afforded, if any, might be different or tailored as between the two objecting parties and Target given the nature of their interests and the disputes between them. If Target seeks to obtain the accelerated and dispositive benefits it might be afforded if a single asset realty debtor is found to be involved, it must live with that provision of the statute which specifically in effect protects the debtor for a 30 day period after the Court determines single asset real estate status.

Reading the various statutes together and giving them all maximum effect that means (1) an evidentiary hearing must and shall be held on both that issue and the remaining lift stay issues; (2) given the indicated facts there is a very real possibility the objecting parties or one or the other or both might prevail, in whole or in part: and therefore, the stay is mandated to continue until the conclusion of the final hearing; (3) the final hearing must be concluded within 30 days after November 29, 2006, unless the parties consent to extend that date; (query ? whether that also means the Court is required to make its decision by that time); and (4) the Debtor has to do certain things within 30 days after that decision is made. In this case since the Debtor has already filed a plan, the Debtor argues that filing makes the whole issue moot in any event - an argument the Court chooses not to decide, at least at this point, primarily because there is an associated inquiry relating to whether or not that plan has a reasonable possibility of being confirmed within a reasonable time. That issue is itself intertwined with some of the other issues yet to be dealt with in some meaningful way.

Accordingly, the stay is extended until the conclusion of the final hearing and the date of that final hearing will be set at a scheduling conference to be held by the Court at 9:00 on December 5, 2006. The parties should understand as noted at the hearing that the Court intends to expedite and streamline the final hearing process and limit any discovery to that which strictly necessary and relevant to the issues involved, and doable, within the required time parameters. The Court is entering an Order concurrently herewith.

4

**Signed on November 30, 2006**

                                              **/s/ Walter Shapero**
                                              **Walter Shapero**
                                              **United States Bankruptcy Judge**